IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FELICIA L. SMITH, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | :   No. 5:14-CV-140 (CAR) |
| FARMER AND MERCHANTS BANK; | : |
| DERRICK HUDSON; ANNA MULLIS; | : |
| HUSKIN LAW FIRM, LLC; BRANDY | : |
| T. HUSKINS, | : |
| | : |
| Defendants. | : |
| _____ | : |

**ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS* AND MOTION FOR A PRELIMINARY INJUNCTION**

Currently before the Court are Plaintiff Felicia Smith's Motion for a Preliminary Injunction [Doc. 1] and Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. 2]. Plaintiff, proceeding *pro se*, seeks to initiate this action against Defendants Farmer and Merchants Bank ("FMB"), Derrick Hudson, Anna Mullis, Huskin Law Firm, LLC, and Brandy T. Huskins to quiet title and prevent the foreclosure of certain real property.  Having considered the Motions and the applicable law, the Motion for a Preliminary Injunction is **DENIED**.  Plaintiff's Motion to Proceed IFP is **GRANTED**, but Plaintiff is **DIRECTED** to **recast her Complaint** as more fully explained herein.

**FACTUAL BACKGROUND**

This case arises out of Plaintiff's attempt to prevent the imminent foreclosure of real property located at 317 Gray Road, Eatonton, Georgia 31024 (the "Property"). Plaintiff alleges that on May 18, 2011, Robert Harris and Plaintiff acquired the Property for a purchase price of $44,477.26.[1] Robert Harris obtained a loan from FMB in the amount of $36,477.24 on the same day, as evidenced by the promissory note attached to the Complaint (the "Note").[2] To secure the loan, Harris executed a security deed relating to the Property.[3] From a letter attached to the Complaint, it appears Plaintiff executed a personal guaranty on the loan.[4] However, Plaintiff alleges that she and Harris were manipulated into accepting the loan terms, which included a balloon payment at the end of three years, with the final payment of $33,187.63 due on May 10, 2014.[5]

Harris and Plaintiff applied for a loan modification in January 25, 2014, but their request was denied.[6] Derrick Hudson, the loan officer at FMB in charge of processing the application, would not even look at the paperwork submitted.[7] On March 3, 2014,

---

[1] Compl. ¶ 34 [Doc. 1].
[2] *Id.* at ¶ 34 and pp. 17-19.
[3] *Id.* at p. 17.  The security deed is cross-referenced in the Note and Notice of Sale Under Power, but it is not attached to the Complaint.
[4] *Id.* at p. 24.
[5] *Id.* at ¶ 34.
[6] *Id.* at ¶ 35.
[7] *Id.*

2

Plaintiff re-applied, but was notified that the documents were never received.[8]  In letters dated March 28, 2014, Brandy Huskins with the Huskin Law Firm, on behalf of FMB, notified Plaintiff and Harris that Harris was in default and declared the total amount outstanding on the loan immediately due and payable.[9]  On the same day, Plaintiff also received notice of sale under power and FMB's intent to foreclose on the Property on the first Tuesday in May, 2014.[10]

Based on these allegations, Plaintiff seeks to file a complaint against FMB, Derrick Hudson (loan officer for FMB), Anna Mullis (an unidentified FMB employee), Huskin Law Firm, LLC (law firm retained by FMB to initiate foreclosure proceedings), and Brandy T. Huskins (lawyer with Huskin Law Firm, LLC).  Plaintiff also seeks to enjoin foreclosure proceedings on the Property.

## DISCUSSION

Plaintiff moves the Court for permission to proceed without prepayment of fees. It appears Plaintiff is unable to pay the cost of commencing this action and still provide for herself and any dependents, and therefore the Court **GRANTS** her Motion to Proceed *In Forma Pauperis* [Doc. 2].[11]  However, if Plaintiff wishes to maintain this

---

[8] *Id.* at ¶ 37.
[9] *Id.* at pp. 24-33.
[10] *Id.*
[11] 28 U.S.C. § 1915.

action, s**he must file an amended complaint**, which will supersede her original Complaint, as hereinafter directed.

Under 28 U.S.C. § 1915(e), a court must *sua sponte* dismiss an indigent plaintiff's complaint or portion thereof which "(1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief."[12] This statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[13]

As is its duty, the Court has scrutinized Plaintiff's Complaint and liberally construed all of Plaintiff's allegations.[14] In her Complaint, Plaintiff asserts a claim to quiet title and claims for declaratory judgment and injunctive relief, seeking to prevent the foreclosure of the Property. In addition, Plaintiff asserts violations of the Equal Credit Opportunity Act (the "ECOA"), 15 U.S.C. § 1691, *et seq.*, and the Fair Housing Act (the "FHA"), 42 U.S.C. § 3601 *et seq.* Plaintiff also raises state law claims of breach of the implied duty of good faith and fair dealing, civil conspiracy, promissory estoppel,

---

[12] 28 U.S.C. § 1915(e)(2)(b).
[13] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[14] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

and attorney's fees pursuant to O.C.G.A. §§ 13-1-11 and 13-6-11. The Court discusses each claim in turn.

> I. **Petition to Quiet Title and Claims for Declaratory and Injunctive Relief to Enjoin Foreclosure**

In the first part of her Complaint, Plaintiff asserts a claim to quiet title and claims for declaratory and injunctive relief in an attempt to prevent the foreclosure of the Property. The Court, however, finds that Plaintiff fails to state a claim on any of these grounds for relief.

**A. Petition to Quiet Title**

In support of her quiet title claim, Plaintiff alleges that "[t]he original security deed does not mention the real party in interest which is a FHA REMIC trust thus creating a break in the chain of title."[15] In addition, Plaintiff alleges that FMB's actions in simultaneously processing her loan modification and threatening foreclosure created a break in the chain of title.[16]

These scant allegations fail to state a claim to quiet title. Plaintiff has not referenced, much less satisfied, the elements and procedural requirements for asserting a claim to quiet title under O.C.G.A. § 23-3-40, *et seq.*, and the Quiet Title Act, O.C.G.A. § 23–3–60 *et seq.* Specifically, the Quiet Title Act states that a petition to quiet title must contain

---

[15] Compl. ¶ 36 [Doc. 1].
[16] *Id.* at ¶¶ 37-38.

5

> [A] specification of the petitioner's interest in the land, a statement as to whether the interest is based upon a written instrument (whether same be a contract, deed, will, or otherwise) or adverse possession or both, a description of all adverse claims of which petitioner has actual or constructive notice, the names and addresses, so far as known to the petitioner, of any possible adverse claimant, and, if the proceeding is brought to remove a particular cloud or clouds, a statement as to the grounds upon which it is sought to remove the cloud or clouds.[17]

Moreover, Plaintiff must file with the petition "(1) a plat of survey of the land, (2) a copy of the immediate instrument or instruments, if any, upon which [her] interest is based, and (3) a copy of the immediate instrument or instruments of record or otherwise known to [Plaintiff], if any, upon which any person might base an interest in the land adverse to [Plaintiff]."[18]

In this case, Plaintiff has failed to meet several of these statutory requirements. First, she does not allege she holds title to the Property nor does she attach documents showing her interest in the Property.[19] Similarly, Plaintiff does not attach the security deed at issue in this case showing the interest of another entity in the Property, even though she clearly has knowledge of this instrument. More importantly, from the allegations and Note attached to the Complaint, it appears Harris, as the borrower identified in the Note, may also have an ownership interest in the Property, but Plaintiff

---

[17] O.C.G.A. § 23-3-62(b).
[18] O.C.G.A. § 23–3–62(c).
[19] *See Smith v. Ga. Kaolin Co., Inc.*, 269 Ga. 475, 477 (1998) ("[A] plaintiff must assert that he *holds* some current record title or current prescriptive title, in order to maintain his suit.") (quotation marks and citation omitted).

6

has not named him as a party to this action. Accordingly, her quiet title claim is dismissed for failure to state a claim.

### B. Declaratory Relief

Plaintiff also seeks declaratory relief pursuant to O.C.G.A. § 9-4-2 that (1) FMB is not the secured creditor of Plaintiff's loan, (2) FMB is not the holder of the Note, (3) FMB has no right, title, or interest in the security deed because the security deed was never assigned to FMB, and (4) FMB and Huskin Law Firm are not entitled to pursue foreclosure.

The Note, however, directly contradicts the requested declaratory relief. Specifically, the Note identifies FMB as the lender entitled to receive the payments due and owing under the terms of the Note.[20] Additionally, the Note expressly provides that, if the borrower defaults, the lender may declare the entire amount of the indebtedness due and payable and "may sell or dispose of the Property, in any manner permitted by law."[21] Plaintiff does not allege that the borrower was not in default, or that the lender could not otherwise invoke these remedies.

Moreover, Georgia law provides that declaratory judgment may only be issued "[i]n cases of actual controversy."[22] "There is a justiciable controversy where a concrete issue is present, and there is a definite assertion of legal rights, and a positive legal duty

---

[20] Compl., p. 17 [Doc. 1].
[21] *Id*. at p. 18.
[22] O.C.G.A. § 9-4-2(a).

7

with respect thereto, which are denied by the adverse party."[23] Having found that Plaintiff has failed to state a plausible claim to quiet title and her requests for declaratory relief are directly contradicted by the Note, no actual controversy exists to support Plaintiff's claim for declaratory relief.[24]  Therefore, Plaintiff's request for declaratory judgment is dismissed for failure to state a claim.

### C. Injunctive Relief

Similarly, Plaintiff seeks a preliminary and permanent injunction to prevent Defendants from initiating or continuing foreclosure proceedings, whether judicial or non-judicial, against Plaintiff or her Property, or initiating dispossessory proceedings against Plaintiff.  Simply put, Plaintiff is not entitled to the injunctive relief she seeks.

#### i. Motion for a Preliminary Injunction

To the extent Plaintiff seeks a preliminary injunction to enjoin <u>judicial</u> foreclosure or dispossessory proceedings, such relief is barred by the Anti-Injunction Act, 28 U.S.C. § 2283.  The Anti-Injunction Act provides that a federal court may not enjoin proceedings in state court unless it falls within one of three exceptions: (1) the injunction is "expressly authorized by Act of Congress," (2) the injunction is "necessary in aid of [the court's] jurisdiction," or (3) the injunction is necessary "to protect and

---

[23] *Higdon v. City of Senoia*, 273 Ga. 83, 85 (2000) (quotation marks, alteration, and citation omitted).
[24] *See Lesman v. Mortg. Elec. Registration Sys., Inc.*, 2:12-CV-00023-RWS, 2013 WL 603895, at *5 (N.D. Ga. Feb. 19, 2013) (finding that because the plaintiff's allegations failed to state a claim, no actual controversy existed to support a claim for declaratory judgment).

effectuate [the court's] judgments."[25] This is an "absolute prohibition against enjoining State Court proceedings, unless the injunction falls within one of the three specifically defined exceptions."[26] None of the three exceptions apply here, and, therefore, the Anti-Injunction Act bars injunctive relief to stop judicial foreclosure or dispossessory proceedings.[27]

To the extent Plaintiff seeks a preliminary injunction to enjoin <u>non-judicial</u> proceedings, she must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest."[28] Plaintiff does not address any of these prongs in her Motion, nor does she otherwise satisfy them. In particular, the Court notes that Plaintiff has failed to show a likelihood of success on the merits, as evidenced by the dismissal of her claims to quiet title and for declaratory relief. Because she has failed to state a claim upon which relief may be granted, she has, by extension, failed to establish a likelihood of success on the merits.[29]

---

[25] 28 U.S.C. § 2283.
[26] *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970).
[27] *See e.g.*, *Wideman v. Bank of Am., N.A.*, 3:11-CV-145 CAR, 2011 WL 6749829, at *5-6 (M.D. Ga. Dec. 23, 2011) (holding court could not enjoin ongoing dispossessory proceedings); *First Fed. Sav. & Loan Ass'n of Warner Robins v. Ohio Valley Sav. & Loan Ass'n of Steubenville, Ohio*, 666 F. Supp. 215, 217-18 (M.D. Ga. 1987) (holding no exception in the Anti-Injunction Act applied to enjoin state foreclosure proceedings).
[28] *Siebert v. Allen*, 506 F.3d 1047, 1049 (11th Cir. 2007).
[29] *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) ("For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand

Moreover, Plaintiff is not entitled to a preliminary injunction of non-judicial foreclosure proceedings because she fails to satisfy Federal Rule of Civil Procedure 65. Rule 65 provides that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."[30] Plaintiff has not offered security as required under this rule. Therefore, Plaintiff's Motion for a Preliminary Injunction is denied.

ii. **Permanent Injunction**

Plaintiff's request to permanently enjoin foreclosure proceedings fails for a similar reason. To warrant a permanent injunction, Plaintiff must show "(1) that [she] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."[31] There can be no irreparable injury where Plaintiff has failed to state a claim for relief.[32] Accordingly, Plaintiff's claim for permanent injunctive relief is denied.

---

scrutiny under Fed. R. Civ .P. 12(b)(6) (failure to state a claim)."); *Arroyo v. Bank of Am., N.A.*, 1:13-CV-01767-RWS, 2013 WL 3785623, at *4 (N.D. Ga. July 18, 2013).
[30] Fed. R. Civ. P. 65(c).
[31] *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1323 (11th Cir. 2008) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392 (2006)).
[32] *See Lesman*, 2:12-CV-00023-RWS, 2013 WL 603895, at *5.

## II.     Violation of the ECOA and FHA

In the second part of the Complaint, Plaintiff asserts claims under the ECOA and FHA. The ECOA makes it unlawful for "any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)."[33] Likewise, the FHA makes it unlawful for "any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin."[34] The FHA goes on to define a "residential real estate-related transaction" as including "[t]he making or purchasing of loans or providing other financial assistance – (A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or (B) secured by residential real estate."[35]

Here, it is unclear what actions form the basis of Plaintiff's ECOA and FHA claims, but it appears Plaintiff alleges that (1) FMB did not offer fair loan terms; (2) FMB, with the aid of Hudson, refused loan modifications to Plaintiff and Harris; and (3) their actions amounted to discrimination based on race or national origin. Because

---

[33] 15 U.S.C. § 1691(a)(1).
[34] 42 U.S.C. § 3605(a).
[35] 42 U.S.C. § 3605(b)(1).

11

Plaintiff is proceeding *pro se*, the Court will allow Plaintiff to recast her Complaint as to these claims only.

In order for Plaintiff's ECOA and FHA claims to proceed, Plaintiff must allege facts showing "(1) that the Plaintiff is a member of a protected class; (2) that the Plaintiff applied for and was qualified for a loan from the Defendant; (3) that the loan was rejected despite Plaintiff's qualifications; and (4) that the Defendant continued to approve loans for applicants outside of the Plaintiff's protected class with similar qualifications."[36]

Accordingly, Plaintiff is hereby **DIRECTED** to **recast her Complaint within fourteen (14) days of this Order** to allege facts supporting each of these elements. In so doing, Plaintiff must specify the discriminatory actions taken by each named Defendant. Moreover, Plaintiff is cautioned that she cannot assert claims on Harris' behalf because Harris has not been named as a plaintiff in this proceeding.

---

[36] *Cooley v. Sterling Bank*, 280 F. Supp. 2d 1331, 1339 (M.D. Ala. 2003). As explained by the court in *Cooley*, the Eleventh Circuit has not explicitly held that these elements borrowed from the Title VII analytical framework apply to a discrimination claim under the ECOA. *Id.* at 1338; *see also Hall v. Johanns*, 208 F. App'x 726 (11th Cir. 2006) (The Eleventh Circuit "[a]ssum[ed], without deciding, that Title VII's analytical framework applies to retaliation claims under the Equal Credit Opportunity Act (ECOA)" in affirming a grant of summary judgment). The *Cooley* court reasoned that given the reasoning of prior Eleventh Circuit cases in which it has applied these elements to other anti-discrimination statutes, there is no reason to believe the Eleventh Circuit would treat an ECOA claim differently. 280 F. Supp. 2d at 1338. This Court agrees and applies these elements accordingly in this case.

### III.     Miscellaneous State Law Claims

In the last two Counts of her Complaint, Plaintiff asserts a plethora of state law claims for breach of the implied duty of good faith and fair dealing, promissory estoppel, civil conspiracy, and attorney's fees.  Plaintiff fails to allege any facts to support these claims.  Therefore, the substantive state law claims are dismissed. Because her state law claim for attorney's fees is derivative of her substantive claims,[37] it must also be dismissed.

### CONCLUSION

Based on the foregoing, Plaintiff's Motion for a Preliminary Injunction [Doc. 1] is **DENIED**.  Plaintiff's Motion to Proceed *In Forma Pauperis* is **GRANTED** [Doc. 2], and Plaintiff is hereby **DIRECTED** to **recast her Complaint** as it relates to the ECOA and FHA claims **within fourteen (14) days** of entry of this Order.  All other claims are **DISMISSED** for failure to state a claim.  Because no claims remain pending against Defendants Anna Mullis, Huskin Law Firm, LLC, and Brandy T. Huskins, these Defendants are **DISMISSED** as parties in this case.

**SO ORDERED,** this 2nd day of May, 2014.

S/ C. Ashley Royal<br>
C. ASHLEY ROYAL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT

ADP/bbp

---

[37] *See J. Andrew Lunsford Props., LLC v. Davis*, 257 Ga. App. 720, 722 (2002).